KAVANAUGH, Circuit Judge,
with whom Senior Circuit Judge WILLIAMS joins, concurring.
I join the majority opinion and add two brief points.
First, the facts and circumstances of this case are unusual, and as the majority opinion indicates, the Court’s ruling on Valdes’s case will not thwart future prosecutions of money-for-information-disclosure. After today’s decision, just as before today’s decision, a covered public official who in violation of official duty corruptly provides information in return for something of value commits a federal crime: bribery.
The amount of ink spilled on this case is largely a result of the jury’s divided verdict, as well as small but key differences in the textual scope of the bribery and illegal gratuities statutes. Valdes was indicted solely for bribery — namely, disclosing certain information in exchange for a few hundred dollars. At trial, the prosecutor forcefully argued that the defendant was guilty of bribery, stating in his closing argument, for example, that “For a few hundred dollars, ladies and gentlemen, this police officer was bought, and those few hundred dollars were bribes.” At the close of evidence, the district judge properly found that the evidence legally sufficed for the jury to find Valdes guilty of bribery — that Valdes in violation of his official duty disclosed information in exchange for money. But then the jury was instructed on the bribery and illegal gratuities statutes. Instructed on both statutes, the jury split the difference by acquitting on bribery and convicting on illegal gratuities (illegal gratuities carries lighter penalties than bribery). That divided verdict has created a problem on appeal because the plain text of the bribery statute actually applies to a broader range of activities— such as disclosing information — than does the gratuities statute. In other words, even though a jury lawfully could have found Valdes guilty of bribery (as the district judge concluded), we obviously cannot review the jury’s acquittal on that charge. And even though the jury convicted Valdes of illegal gratuities, the majority opinion correctly concludes that conviction cannot stand because Valdes’s actions were not covered by the text of the gratuities statute (a conclusion supported by the Supreme Court’s strong and unanimous statements in Sun-Diamond regarding the gratuities statute).
The background of this case underscores a key practical consequence of today’s decision: In the typical future prosecution of money-for-information-disclosure, the jury will be instructed only on bribery — and the scenario in which a defendant’s case slips through the cracks because of a split-the-difference jury verdict will not recur.
Second, given that opinions in cases like this one often are relied on by the hundreds of thousands of covered federal offi *1331 cials and those who advise them on ethics issues, another point warrants mention. Both the bribery and gratuities statutes require the prosecution to show some nexus between a gift and a covered official action. But public officials would be foolish to assume the statutes really allow them that much room to accept gifts. When they become aware of questionable gifts to a public official, investigators tend to turn over many stones trying to determine whether the gifts were linked to the public official’s actions. And even without direct smoking-gun evidence, prosecutors can prove such links with only circumstantial evidence. Covered public officials who want to stay clearly on the safe side of the criminal-law line (not to mention comply with the phalanx of non-criminal regulatory provisions in this area) therefore would be well-advised not to accept certain gifts in the first place, rather than pinning their hopes on after-the-fact arguments premised on statutory terms such as “in return for” or “official act” or “official duty.” In other words, absent an authorization or exception, public officials might decline monetary gifts and ensure that trips, tickets, and the like are paid for by the officials themselves, by the government when so allowed, or (in the case of elected officials) by a campaign or political committee when so allowed. That’s certainly simpler, cleaner, and cheaper than attempting to argue afterwards that a particular gift was not linked to an official action.